IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC,<br><br>   Plaintiff,<br>vs.<br><br>Romario Alfonso Ventura Sanchez, et al.,<br><br>   Defendants. | No. CV-20-02104-PHX-SPL<br><br>**ORDER** |

      On October 30, 2020, Plaintiff G&G Closed Circuit Events LLC filed a Complaint against Defendants Romario Alfonso Ventura Sanchez and Ada Ivone Ventura Ruiz, doing business as Mesquite's Café LLC, for the unlawful interception of a satellite television broadcast. (Doc. 1). Both Defendants were served on January 21, 2021. (Docs. 10 & 11). Neither Defendant answered the Complaint, responded to the Complaint, or otherwise appeared in this action. On February 12, 2021, Plaintiff filed an Application for Entry of Default Against both Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 12). On February 16, 2021, the Clerk of Court entered default as to both Defendants. (Doc. 13).

      On March 19, 2021, the Court ordered Plaintiff to show cause by March 25, 2021 why the action should not be dismissed for failure to prosecute. (Doc. 14). On March 25, 2021, Plaintiff filed the instant Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) requesting entry of default judgment and relief under 47 U.S.C. § 605. (Doc. 15). Plaintiff seeks $4,200 in statutory damages, $20,000 in enhanced

statutory damages, and leave to submit a motion for attorneys' fees and costs. (Doc. 15 at 3). Defendants have not responded.

The Court has reviewed Plaintiff's Motion, the exhibits thereto, the record in this matter, and considered the *Eitel* factors. *See Eitel*, 782 F.2d at 1471–72. Upon review, the Court finds that the entry of default judgment is appropriate.

The Court further finds that Plaintiff has proven that an award of damages is appropriate, though the amount sought is excessive under the circumstances of this case. *See Joe Hand Promotions, Inc. v. Fierro*, No. 2:11-CV-2263-JAM-CMK, 2012 WL 3962515, at *2 ("While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true. . . . In assessing damages, the court must review the facts of record.") (E.D. Cal. Sept. 10, 2012).

Damages are awarded pursuant to 47 U.S.C. § 605(e)(3)(C). Violation of the statute triggers an award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). When the violation is "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court has discretion to increase the award by no more than $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). "[D]istrict courts have 'wide discretion' in fashioning damage awards based on the particular circumstances of each case." *G&G Closed Cir. Events LLC v. Ortiz*, No. CV-19-00452-TUC-DCB, 2020 WL 1244492, at *2 (D. Ariz. Mar. 16, 2020). The Ninth Circuit has held that §605 damages should "deter[] but . . . not destroy." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Defendants violated the statute and the violation was "willful and for purposes of direct or indirect commercial advantage or private economic gain." Therefore, damages under 47 U.S.C. § 605(e)(3)(C) are proper. This Court has seen several motions for default judgment from Plaintiff in the past year. Plaintiff has obtained awards as large as $33,400 and as low as $5,600. *See, e.g.*, *G&G Closed Circuit Events v. Garcia et al.*, No. 19-CV-05134-SPL, ECF No. 18 (D. Ariz. May 12, 2020);. *Ortiz*, 2020 WL 1244492 at *4 (D.

Ariz. Mar. 16, 2020). The Court has considered factors such as the licensing fee for the broadcast, any history of violations by the defendant, amount of promotional advertising by the defendants, and the amount of money the defendant made by illegally broadcasting.

Here, the licensing fee for the broadcast would have been $1,400 had Defendants paid. (Doc. 1 at ¶ 23). An award of $2,800 in statutory damages, twice the licensing fee, is sufficient to compensate for this fee. *See, e.g.*, *Ortiz*, 2020 WL 1244492, at *4 (awarding twice the licensing fee in statutory damages). Regarding enhanced damages, Plaintiff does not allege any prior violations by Defendants. Defendants did engage in promotional advertising before the broadcast on social media. (Doc. 16 at 10). However, they did not appear to charge a cover charge, and there were only an estimated ten (10) patrons at the bar that night. (16 at 15). Defendants could not have made much more than whatever those customers purchased at the bar, which may not have been any different than a typical night. Therefore, a significant reduction in enhanced damages is proper.

In sum, the damages sought by Plaintiff are excessive. Although Defendants engaged in advertising, the actual profit made from the broadcast was small. Furthermore, this is Defendants' first offense. Thus, the Court, in its discretion, has concluded that an award of $2,800 statutory damages and $2,000 enhanced statutory damages is proper to "deter but not destroy." *Compare Ortiz*, 2020 WL 1244492, at *4 (declining to award any enhanced damages because the defendant did not engage in promotional advertising, did not charge a cover charge or premium, was not a repeat offender, and the business could only accommodate six to eight people) *with G&G Closed Circuit Events LLC v. Lorena A. Carbajal, et al.*, No. 20-CV-00838-SPL, ECF No. 15 (D. Ariz. Oct. 28, 2020) (awarding $7,000 in enhanced statutory damages because there were twenty patrons and because defendants engaged in advertising *and* charged a cover fee). Accordingly,

///
///
///
///

**IT IS ORDERED** that:

1. Plaintiff's Motion for Default Judgment (Doc. 15) is **granted as modified**;
2. Default judgment is entered pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in favor of Plaintiff against Defendants Romario Alfonso Ventura Sanchez, Ada Ivone Ventura Ruiz, and Mesquite's Café LLC;
3. Plaintiff shall be awarded $2,800 in statutory damages and $2,000 in enhanced statutory damages pursuant to 47 U.S.C. § 605(c)(3);
4. Plaintiff shall file any application for attorneys' fees and costs in accordance with Federal Rule of Civil Procedure 54(d); and
5. The Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 13th day of April, 2021.

Honorable Steven P. Logan
United States District Judge