IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC,          Plaintiff,  vs.  Romario Alfonso Ventura Sanchez, et al.,        Defendants. | No.  CV-20-00838-PHX-SPL   **ORDER** |

On October 30, 2020, Plaintiff filed a Complaint against Defendants alleging claims under 47 U.S.C. § 605 and 47 U.S.C. § 553. (Doc. 1). Defendants failed to respond or otherwise appear. On February 12, 2021, Plaintiff filed an Application for Entry of Default. (Doc. 12). The Clerk of Court entered default on February 16, 2021. (Doc. 13). On March 25, 2021, Plaintiff filed a Motion for Default Judgment, which this Court granted. (Docs. 15 & 17). In its Order, the Court instructed Plaintiff to file a motion for attorneys' fees and costs. (Doc. 17 at 4).

Plaintiff now seeks $2,400.00 in fees and $540.00 in costs. (Doc. 19 at 4). However, although Plaintiff's counsel submits an affidavit indicating that "a total of four (4) hours have been expended in this matter," Plaintiff does not provide any documentation indicating how that time was spent. (Doc. 19-1 at 3). The Court therefore cannot determine whether the hours are reasonable. And Plaintiff's supporting Memorandum only discusses the reasonableness of the rates charged and the entitlement to fees generally, but provides no indication as to how the hours were spent here. (Doc. 20). Similarly, the affidavit

indicates that "[c]ounsel costs in this matter total $540," but Plaintiff provides no supporting documentation indicating how these costs were incurred. (Doc. 19-1 at 3).[1] Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys Fees (Doc. 19) is **denied without prejudice**. Plaintiff shall have until **May 12, 2021** to refile a Motion for Attorney Fees with supporting documentation, such as time sheets and receipts, reflecting the hours spent on this case and the costs incurred.

Dated this 6th day of May, 2021.

Honorable Steven P. Logan
United States District Judge

---

[1] Plaintiff asserts in its Motion that "Plaintiff also submits an itemization of Plaintiff's attorneys' fees incurred herein as party of the Affidavit of David W. Lippman," but no such itemization was included.